**CAMARA v. AMERICAN R. CO. OF PUERTO RICO.**

**No. 3504.**

Circuit Court of Appeals, First Circuit.

May 23, 1940.

Hugh R. Francis, of San Juan, P. R., for appellant.

Francis H. Dexter and Donald R. Dexter, both of San Juan, P. R., for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and McLELLAN, District Judge.

**PER CURIAM.**

This is an appeal from a judgment for the defendant entered upon a verdict for the defendant in a suit for personal injuries.

An automobile in which the plaintiff was riding as a passenger collided with the defendant's freight train on a street in the outskirts of San Juan, Puerto Rico. The train was proceeding through the city on a spur track a thousand feet long running from a pier on the waterfront to the main line of the railroad. It appears that an automobile approaching the intersection from the direction in which the plaintiff's car was going would have an unobstructed view of an approaching train for a considerable distance. After the locomotive had passed the intersection, the automobile crashed into the first freight car. The accident occurred at night. An issue was raised as to the negligence of the defendant, in respect to the adequacy of the lights, warning signals and devices. Contributory negligence of the plaintiff was also put in issue. Defendant's motion for a directed verdict was denied and the case was submitted to the jury. On the issue of contributory negligence, the trial judge at several points charged the jury that the plaintiff could not be barred by the imputed negligence of the driver of the automobile but only by his own personal negligence; that if the plaintiff saw or should have seen the approaching train and in the exercise of due care should have warned the driver, he could not recover if his negligence was a proximate cause of the accident. The jury brought in a verdict for the defendant.

Numerous assignments of error are before us, many of them trivial, and some relating to matters as to which no objection was noted or exception taken at the time. Upon consideration of them all and examination of the record we find no prejudicial error.

The judgment of the District Court is affirmed.